## Case No. 4,772.

### FIELD v. SCHELL.

[5 Blatchf. 1;[1] 43 Hunt, Mer. Mag. 205.]

Circuit Court, S. D. New York. May 30, 1860.

John McKeon, for plaintiff.

James I. Roosevelt, Dist. Atty., for defendant.

Before NELSON, Circuit Justice, and SMALLEY, District Judge.

SMALLEY, District Judge. Whether there was error in the charge of the court, depends upon the question whether the 20th section of the tariff act of 1842 has been repealed by either the act of 1846 or the act of 1857. That 20th section provides, that "there shall be levied, collected and paid on each and every non-enumerated article which bears a similitude, either in material, quality, tex-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ture, or the use to which it may be applied, to any enumerated article chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned; and, if any non-enumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied, collected, and paid on such non-enumerated article, the same rate of duty as is chargeable on the article it resembles paying the highest duty; and, on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable." The 3d section of the act of 1846 provides, that, "from and after the first day of December next, there shall be levied, collected, and paid, on all goods, wares, and merchandise imported from foreign countries, and not specially provided for in this act, a duty of twenty per centum ad valorem." The 11th section of the same act provides, "that all acts and parts of acts repugnant to the provisions of this act, be, and the same are hereby, repealed." These sections, considered by themselves, would seem to indicate, quite decidedly, an intention to repeal the 20th section of the act of 1842, and, if this was an open question, I should have had great difficulty in coming to the conclusion that such was not their design and effect. It cannot now, however, be regarded as an open question. The supreme court, in the case of Stuart v. Maxwell, 16 How. [57 U. S.] 150, after an elaborate argument and full consideration, decided, that there was no necessary repugnance between the act of 1846 and the 20th section of the act of 1842, and, consequently, that the former did not repeal the latter, and that the duty, which was in that case assessed under the 20th section of the act of 1842, was rightly assessed. The case turned upon that question, it was the only point made or decided, and this court must be governed by it.

It was argued by the defendant's counsel, that, in the case of Stuart v. Maxwell [supra], the government sought to avail itself of this 20th section to enforce the payment of a higher rate of duty than it would otherwise have been entitled to, and thus increase the revenue; and that that decision, being in favor of the government, was not applicable to this case. It is very difficult to see why, if this 20th section is to operate in favor of the government in one case, to increase the revenue, it should not operate in a similar case against it, although it may diminish the revenue. Why the government should be permitted to avail itself of this 20th section for the purpose of increasing the duties, and the importer should not be permitted, under the same or similar circumstances, to avail himself of it for the purpose of diminishing the duties, I am at a loss to conceive. But, if there could, at any time, have been a doubt upon that question, it is removed by the case of Ross v. Peaslee [Case No. 12,077], in which Mr. Justice Curtis (who delivered the opinion of the court in Stuart v. Maxwell) held, that this 20th section was in force, and did not operate to reduce the duties in that case, from twenty per cent. to five per cent.

This brings us to the act of 1857. Does that act repeal the 20th section of the act of 1842? There is much less reason for saying that it does, than for saying that the act of 1846 does. There is nothing in the act of 1857 which indicates any intention to extend the act of 1846, or in any way to change or interfere with the construction given thereto, further than generally to reduce the duties, and take certain articles from one schedule and place them in another, and put others into the free list. The case of Stuart v. Maxwell was decided in 1853, and that of Ross v. Peaslee in 1855. Congress can, therefore, hardly be supposed to have been ignorant of these decisions at the time the act of 1857 was passed; and I think it cannot be presumed that, with such knowledge, it intended to alter that important provision of the law, without some definite expression of that intention. There are no repealing words in the act of 1857, and neither from the phraseology nor from the general purpose of that act, can I see any reason for supposing that it was designed to have, on the 20th section of the act of 1842, an effect which the courts had decided the act of 1846 did not have. It is clear, that the words, "non-enumerated article," in the 20th section of the act of 1842, the words, "not specially provided for in this act," in the 3d section of the act of 1846, and the words "not enumerated in the said schedule," in the 1st section of the act of 1857, mean the same thing and should receive the same construction. The distinction attempted to be drawn between them by the defendant's counsel cannot be sustained. This view of the subject is fully sustained by the decision of Judge Giles, in the Maryland district, in a case precisely like this, and in relation to this same article. Gamble v. Mason [Case No. 5,209]. The result is, that the 20th section of the act of 1842 is not repealed either by the act of 1846 or by the act of 1857, but remains in force. There was, therefore, no error in the instructions given by the court to the jury, and there must be a judgment for the plaintiff, on the verdict.